**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANK CRUZ,** | 1:19-cv-00590-LJO-SAB |
| **Plaintiff,** | **ORDER RE PLAINTIFF'S ASSERTION THAT PENDING MOTIONS WERE IMPROPERLY NOTICED** |
| v. | |
| **H. TY KHARAZI, dba YARRA LAW GROUP, et al.,** | |
| **Defendants.** | |

Before the Court for decision are three pending motions in this removed action: two motions to dismiss and a motion to strike. ECF Nos. 10-12. All three motions were filed on June 24, 2019, and set for hearing 28 days later, on July 22, 2019. On July 9, 2019, Plaintiff filed a single-paragraph opposition to all three motions, arguing the motions were insufficiently noticed because Defendant gave Plaintiff only 28 days notice of the hearing date. Because the Court arguably has a *sua sponte* duty to identify motions filed without sufficient notice, *see* Local Rule 230(b)("Motions defectively noticed shall be filed, but not set for hearing; the Clerk shall immediately notify the moving party of the defective notice and of the next available dates and times for proper notice, and the moving party shall file and serve a new notice of motion setting forth a proper time and date."), the Court addresses this issue now.

Plaintiff's argument is premised on his assumption that 31days notice is required for motions served by mail, based on his combining Local Rule 230(b) (requiring 28 days' notice) and Federal Rule of Civil Procedure 6(d) ("Rule 6(d)") (requiring an additional 3 days' notice in certain service situations). Rule 6(d) states, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2) (C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. Pro. 6(d). However, Rule 6(d) "applies only when a

1

party is required to act within a prescribed period after service, not after filing." *Ungureanu v. A. Teichert & Son, Inc*., 2:12–CV–3109–GEB–KJN, 2013 WL 1091279, at *3 n. 2 (E.D. Cal. Mar.15, 2013) *report and recommendation adopted*, No. 2:12–CV–3109–TLN–KJN, 2013 WL 2449557 (E.D. Cal. June 5, 2013); *Borchers v. Standard Fire Ins. Co*., No. C–10–1706 MMC, 2010 WL 2608291, at *1 (N.D. Cal. June 25, 2010). Since the due date for filing an opposition to a motion is calculated backwards from the hearing date, the due date is not triggered by the date of service of the motion. Therefore, the motion is not required to be served three days earlier than the time period set forth in Local Rule 230(b). *See Dev v. Donahoe*, No. 2:11–CV–2950–JAM–EFB, 2013 WL 866493, at *1 (E.D. Cal. Mar.7, 2013); *Slay v. CVS Caremark Corp*., No. 1:14-CV-01416-TLN, 2015 WL 2081642, at *1 (E.D. Cal. May 4, 2015). Even if, *arguendo*, the motion was insufficiently noticed, the remedy would not be to deny the motion outright. Rather, the Court would notify the moving party, who would in turn re-notice the motion, providing additional time for an opposition to be filed. *See* Local Rule 230(b).

In an abundance of caution, because Plaintiff is proceeding *pro se*, the Court warns him that his failure to file a substantive opposition to the motions may result in the Court assuming Plaintiff has conceded the motions on the merits. Again in an abundance of caution, the Court continues Plaintiff's deadline to file any such opposition(s) to July 26, 2019. Defendants' replies, if any, shall be filed no later than August 7, 2019. Upon the expiration of the reply deadline, the Court will take the matter under submission on the papers without oral argument. Accordingly, the hearing on the motion is VACATED.

IT IS SO ORDERED.

    Dated: **July 10, 2019**            **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES CHIEF DISTRICT JUDGE