| | |
|---|---|
| **FRANK CRUZ,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**H. TY KHARAZI, dba YARRA LAW GROUP, et al.,**<br><br>        **Defendants.** | **1:19-cv-00590-LJO-SAB**<br><br>**ORDER ADDRESSING LATE-FILED OPPOSITIONS TO MOTIONS TO DISMISS (ECF NOS. 10 & 11) AND MOTION TO STRIKE (ECF NO. 12)** |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

This lawsuit is one of numerous cases brought by Frank Cruz ("Plaintiff") against Mel Abdelaziz ("Abdelaziz") and others concerning Plaintiff's eviction from a property located in Fresno, California. The operative First Amended Complaint ("FAC") alleges a due process claim under 42 U.S.C. § 1983 ("§ 1983") as well as a state law abuse of process claim against Abdelaziz; H. Ty Kharazi ("Kharazi"), who often serves as Abdelaziz's lawyer; and Kharazi's law firm, Yarra Law Group ("YLG"). ECF No. 4. The complaint also names the County of Fresno, Margaret Mims, and J. Puente as Defendants, none of whom have entered appearances in this case as of the date of this Order. *Id*.

On August 7, 2019, the Court issued an Order granting three defense motions. First, Abdelaziz moved to dismiss, arguing he is not a state actor and therefore cannot be liable under § 1983. ECF No. 10. Abdelaziz also argued that the abuse of process claim should be stricken under California Code of Civil Procedure § 425.16 ("Anti-SLAPP") because it is a meritless lawsuit aimed primarily at chilling Abdelaziz's right to access the courts by way of bringing the underlying eviction proceedings against Plaintiff. *Id*. Second, Kharazi and YLG moved to dismiss the § 1983 claim because they too are not state

1

actors. ECF No. 11. Kharazi and YLG also moved to dismiss the abuse of process claim as meritless because the complaint fails to allege Defendants had any ulterior motive in pursuing eviction. ECF No. 11. Third, Kharazi and YLG brought a separate Anti-SLAPP motion, also arguing that the abuse of process claim is a meritless lawsuit aimed at chilling their litigation activities in connection with the eviction. ECF No. 12.

All three motions were filed on June 24, 2019, and set for hearing 28 days later, on July 22, 2019. On July 9, 2019, Plaintiff filed a single-paragraph opposition to all three motions, arguing the motions were insufficiently noticed because Defendant gave Plaintiff only 28 days' notice of the hearing date. ECF No. 13. The Court rejected this meritless procedural objection and warned Plaintiff "that his failure to file a substantive opposition to the motions may result in the Court assuming Plaintiff has conceded the motions on the merits." ECF No. 14 at 2. The Court gave Plaintiff until July 26, 2019 to file any opposition(s) to the motions. *Id*. That date passed with no filing from Plaintiff. Accordingly, the Court granted all three motions for the reasons stated in the motions themselves. ECF No. 17.

On August 7, 2019, the same day the Court entered its order granting the motions, Plaintiff filed oppositions to the motions. ECF Nos. 18 & 19. Those oppositions are decidedly untimely, and Plaintiff offers no excuse for their late filing. The Court therefore need not consider them. Moreover, even if considered, the outcome would not change. Plaintiff's arguments are without merit. It is undisputed that Abdelaziz obtained a judgment in an unlawful detainer case against Plaintiff. ECF No. 10-3 at 4. Pursuing an unlawful detainer case, on its own, does not constitute state action for purposes of § 1983, *See Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *4 (N.D. Cal. Apr. 25, 2012), and prosecuting an unlawful detainer act is "indisputably" protected activity within the meaning of the Anti-SLAPP statute. *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1479 (2008).

The Court's August 7, 2019 Order stands. Defendants Abdelaziz, Kharazi, and YLG are dismissed from this lawsuit. Plaintiff has offered no basis upon which the Court could find that

2

amendment would be anything other than futile, so the dismissal is WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

    Dated:   **August 9, 2019**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE