# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK CRUZ,** | 1:19-cv-00590-LJO-SAB |
| **Plaintiff,** | **ORDER DENYING RULE 60(b)(1) MOTION (ECF No. 21)** |
| v. | |
| **H. TY KHARAZI, dba YARRA LAW GROUP, et al.,** | |
| **Defendants.** | |

    This lawsuit is one of numerous cases brought by Frank Cruz ("Plaintiff") against Mel Abdelaziz ("Abdelaziz") and others concerning Plaintiff's eviction from a property located in Fresno, California. The operative First Amended Complaint ("FAC") alleges a due process claim under 42 U.S.C. § 1983 ("§ 1983") as well as a state law abuse of process claim against Abdelaziz; H. Ty Kharazi ("Kharazi"), who often serves as Abdelaziz's lawyer; and Kharazi's law firm, Yarra Law Group ("YLG"). ECF No. 4. The complaint also names the County of Fresno, Margaret Mims, and J. Puente as Defendants, none of whom have entered appearances in this case as of the date of this Order. *Id*.

    On August 7, 2019, the Court issued an Order granting three defense motions. First, Abdelaziz moved to dismiss, arguing he is not a state actor and therefore cannot be liable under § 1983. ECF No. 10. Abdelaziz also argued that the abuse of process claim should be stricken under California Code of Civil Procedure § 425.16 ("Anti-SLAPP") because it is a meritless lawsuit aimed primarily at chilling Abdelaziz's right to access the courts by way of bringing the underlying eviction proceedings against Plaintiff. *Id*. Second, Kharazi and YLG moved to dismiss the § 1983 claim because they too are not state

actors. ECF No. 11. Kharazi and YLG also moved to dismiss the abuse of process claim as meritless because the complaint fails to allege Defendants had any ulterior motive in pursuing eviction. ECF No. 11. Third, Kharazi and YLG brought a separate Anti-SLAPP motion, also arguing that the abuse of process claim is a meritless lawsuit aimed at chilling their litigation activities in connection with the eviction. ECF No. 12.

All three motions were filed on June 24, 2019, and set for hearing 28 days later, on July 22, 2019. On July 9, 2019, Plaintiff filed a single-paragraph opposition to all three motions, arguing the motions were insufficiently noticed because Defendant gave Plaintiff only 28 days' notice of the hearing date. ECF No. 13. The Court rejected this meritless procedural objection and warned Plaintiff "that his failure to file a substantive opposition to the motions may result in the Court assuming Plaintiff has conceded the motions on the merits." ECF No. 14 at 2. The Court gave Plaintiff until July 26, 2019 to file any opposition(s) to the motions. *Id*. That date passed with no filing from Plaintiff. Accordingly, the Court granted all three motions for the reasons stated in the motions themselves. ECF No. 17.

On August 7, 2019, the same day the Court entered its order granting the motions, Plaintiff filed oppositions to the motions. ECF Nos. 18 & 19. On August 12, 2019, the Court issued a ruling addressing Plaintiff's late-filed oppositions. ECF No. 20. Finding the oppositions untimely and that Plaintiff offered no excuse for their late filing, the Court reasoned that it did not have to consider the late-filed oppositions, but, even if considered, the outcome would not change. *Id*. Accordingly, the Court reaffirmed its original order and clarified that the dismissal would be without leave to amend. *Id*.

Also on August 12, 2019, Plaintiff filed a motion directed to magistrate judge Stanley A. Boone, in an effort to "set aside" undersigned's August 7 Order. ECF No 23. This is not an appropriate procedural maneuver, as district judges, not magistrate judges, have the ultimate authority to resolve dispositive motions. *See* Local Rules 302 & 303. Moreover, Plaintiff has not presented grounds to set aside the August 7 or August 12 Orders. Even if, *arguendo*, the Court accepted his excuse for late-filing his opposition, the arguments raised in this opposition are without merit and Plaintiff's August 12 filing

2

offers no new arguments on the merits, let alone any arguments cognizable under Federal Rule of Civil Procedure 60(b)(1). The Court's order, issued August 7, 2019 and confirmed and clarified August 12, 2019 stands. Defendants Abdelaziz, Kharazi, and YLG are dismissed from this lawsuit WITHOUT LEAVE TO AMEND.

The Court will not consider further filings from Plaintiff as to the now-decided motions to dismiss.

IT IS SO ORDERED.

Dated: **August 26, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE