# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. TY KHARAZI, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00590-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO SERVE AND FAILURE TO COMPLY<br><br>(ECF No. 25)<br><br>FOURTEEN DAY DEADLINE |

**I.**

**BACKGROUND**

On May 6, 2019, Frank Cruz ("Plaintiff") filed this action against H. Ty Kharazi, Yarra Law Group, Mel Abdelaziz, County of Fresno, Margaret Mims, and J. Puente alleging that they posted a notice to vacate on his real property. (ECF No. 1.) .) On May 28, 2019 Plaintiff filed a first amended complaint. (ECF No. 4.) The filing fee was paid in this action on July 7, 2019 and the summonses and new case documents issued on June 11, 2019. (ECF Nos. 8, 9.) On June 24, 2019, Defendants Abdelaziz, the Yarra Law Group, and Kharazi filed a motion to dismiss that was granted on August 7, 2019. (ECF No. 17.) Defendants Abdelaziz, the Yarra Law Group, and Kharazi have been dismissed from this action.

On September 12, 2019, an order was filed requiring Plaintiff to file a notice of the status of service on Defendants County of Fresno, Margaret Mims, and J. Puente (collectively

1 Defendants") the only defendants remaining in the action. More than five days have passed and
2 Plaintiff has not filed a notice of the status of service on the Defendants nor otherwise responded
3 to the September 12, 2019 order.

## II.

## DISCUSSION

### A. Failure to Serve Summons and Complaint

The order setting the mandatory scheduling conference in this action informed Plaintiff that he was to "diligently pursue service of the summons and complaint" and "promptly file proofs of the service." (ECF No. 9 at 1.) Plaintiff was referred to Rule 4 of the Federal Rules of Civil Procedure regarding the requirement of timely service of the complaint. (Id. at 1-2.) Further, Plaintiff was advised that "[f]ailure to comply may result in the imposition of sanctions, including dismissal of unserved Defendants." (Id. at 2.) No returns of service have been filed in this action.

Rule 4(m) of the Federal Rules of Civil Procedure addresses the time requirements for service of the complaint in civil cases. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On September 12, 2019, an order issued requiring Plaintiff to file a notice of the status of service in this action. Plaintiff's failure to respond to the order requiring him to notify the Court of the status of service in this matter leads the Court to conclude that Plaintiff has not effected service as required by Rule 4(m) on the defendants remaining in this action. Fort this reason, the Court recommends that this action be dismissed for Plaintiff's failure to serve.

### B. Failure to Comply

Plaintiff has failed to respond to the Court's September 12, 2019 order requiring him to notify the Court of the status of service on Defendants County of Fresno, Margaret Mims, and J. Puente. Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). The Court recommends the imposition of sanctions due to Plaintiff's failure to respond to the Court's September 12, 2019 order.

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff has failed to serve the defendants as required by the June 11, 2019 scheduling order and has failed to file a response to the September 19, 2019 order requiring him to notify the Court of the status of service in this action. Plaintiff's failure to comply with the orders of the Court and the Federal Rules hinders the

Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. Plaintiff has been provided with the opportunity to address his failure to serve and has not done so. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue and the Federal Rules. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's June 11, 2019 scheduling order specifically advised Plaintiff that "Failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants." (ECF No. 9 at 2.) Further, the order requiring Plaintiff to notify the Court of the status of service expressly stated: "Plaintiff is advised that failure to comply with this order may result in the recommendation that this action be dismissed for failure to comply with a court order and failure to serve." (ECF No. 25 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his failure to serve and noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Plaintiff has failed to comply with the Court's order to serve the summons and complaint in compliance with the Federal Rules of Civil Procedure and has failed

to respond to the order requiring him to notify the Court of the status of service. Rule 4(m) requires that the action be dismissed for the failure to serve and Local Rule 110 provides for sanctions for the failure to comply.

In considering the factors to determine if this action should be dismissed, Plaintiff's failure to comply indicates that he does not intend to diligently litigate this action. The failure to diligently litigate this action is prejudicial to Defendants, and Plaintiff was warned that his failure to comply with the Court's orders and the Federal Rules would result in the dismissal of this action. As the only defendants remaining in this action have not been served, dismissal of this action is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to serve the defendants in compliance with Rule 4(m) of the Federal Rules of Civil Procedure and failure to comply with orders of the court.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, the parties may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2019**

UNITED STATES MAGISTRATE JUDGE